# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN POSADAS,<br><br>    Plaintiff,<br><br>    v.<br><br>AVENAL STATE PRISON, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:10-cv–01374-BAM PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Erwin Posadas is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed August 2, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**II.   Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at California State Prison ("CSP"), Corcoran. Plaintiff's complaint is largely incomprehensible. In the complaint Plaintiff states that he is bringing suit against Defendants T. J. Lopez, Hartley, Martinez, Fisher, and Vowel, who are employed at CSP-Corcoran and CSP-

1  Avenal, for violations of due process. Plaintiff is seeking a position of safety, security and freedom.
2  Plaintiff also states that he has an immigration hold.
3        To the extent that the Court is able to comprehend Plaintiff's claims, on January 11, 2009,
4  Plaintiff was found to be under the influence and was required to provide a specimen. Plaintiff
5  refused to provide a specimen and was placed in administrative segregation. Plaintiff appeared
6  before the ICC on January 22, 2009, and requested that he be placed back on the same general
7  population yard. Plaintiff was placed on a different yard and refused to accept placement.
8        On February 2, 2009, Defendant Lopez had Plaintiff sign a cell living chrono to be housed
9  with Inmate Ochoa. Plaintiff asked Defendant Lopez if Ochoa was active and Defendant Lopez did
10 not answer. A fight occurred. One week later, Plaintiff was placed back in administrative
11 segregation with a broken jaw.
12       Plaintiff was transferred for out to court status in both Monterey and Kings County Superior
13 Courts. Plaintiff was confronted with various incidents. On January 23, 2010, Plaintiff appeared
14 before the ICC and his general population placement was reinstated.
15       As discussed below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall
16 be given the opportunity to file an amended complaint curing the deficiencies described by the Court
17 in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards
18 that appear to apply to his claims. Plaintiff should carefully review the standards and amend only
19 those claims that he believes, in good faith, are cognizable.
20 **III.**    **Discussion**
21       **A.**    **Due Process**
22       The Due Process Clause protects against the deprivation of liberty without due process of
23 law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause
24 of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which
25 the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom
26 from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480,
27 115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by
28 the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty

1  interest protected by the Due Process Clause only where the restraint "imposes atypical and
2  significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v.
3  Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

4       The Due Process Clause does not "create a liberty interest in freedom from administrative
5  segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on
6  other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Administrative segregation is the type of
7  confinement that should be reasonably anticipated by inmates at some point in their incarceration.
8  Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). The Ninth Circuit
9  has concluded that prisoners have no liberty interest in remaining free from administrative
10 segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).
11 Plaintiff has failed to state facts sufficient to identify a liberty interest and has therefore failed to state
12 a cognizable claim.

13      **B.    Eighth Amendment**

14      Prison officials are required "to take reasonable steps to protect inmates from physical
15 abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by
16 Sandin v. O'Connor, 515 U.S. 472 (1995)). To prove a violation of the Eighth Amendment the
17 plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make
18 a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health
19 or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate
20 indifference requires a showing that "prison officials were aware of a "substantial risk of serious
21 harm" to an inmates health or safety and that there was no "reasonable justification for the
22 deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

23      To the extent that Plaintiff attempts to allege a claim based upon the fight in which he
24 appears to have been injured, Plaintiff fails to set forth factual allegations to show that any named
25 defendant was aware of a substantial risk of serious harm to Plaintiff and failed to act. Thomas, 611
26 F.3d at 1150.

27      **C.    Habeas Relief**

28      To the extent that Plaintiff is attempting to challenge his custody and obtain immediate

1 release his sole federal remedy lies in habeas corpus.. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

### D. Linkage Requirement

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Additionally, government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### E. Rule 18

Plaintiff attempts to bring this action against Defendants at CSP-Avenal and CSP-Corcoran. Plaintiff may not pursue multiple, unrelated claims in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ.

1  P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1
2  should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different
3  defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple
4  defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison
5  Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file
6  without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607
7  (7th Cir. 2007). Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and
8  is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose
9  which claims will proceed and will dismiss out all unrelated claims.

10  **F.    Amended Complaint**

11  The Court advises Plaintiff of the following requirements under the Federal Rules of Civil
12  Procedure regarding the general formatting of his amended complaint. In determining whether a
13  complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil
14  Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim
15  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule
16  8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned,
17  the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (2009) (citing Bell
18  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Additionally, in order to
19  state a claim for relief Plaintiff must set forth "a demand for the relief sought." Fed. R. Civ. P.
20  8(a)(3). Plaintiff's request for a position of safety, security, and freedom is not cognizable.

21  "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure
22  8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as
23  practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). In his amended
24  complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each
25  defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes.
26  (See Form Complaint, § IV, enclosed with this order.) Plaintiff shall separate his claims, so that it
27  is clear what his claims are and who the defendants involved are. Further, for each claim, Plaintiff
28  shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that

5

led to a knowing violation of Plaintiff's federal rights.

### G.   Exhibits

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff would do well to simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

If Plaintiff feels compelled to submit exhibits with his amended complaint, he is reminded that such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). Any exhibits submitted with the complaint need to be attached at the end of the complaint. With regard to exhibits that are properly attached to the complaint, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated, nor will the Court sift through exhibits to find additional portions of the complaint.

If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3"). Finally, the Court reminds Plaintiff that the Court must assume that Plaintiff's factual allegations are true. Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations in a complaint.

### IV.   Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed August 2, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 28, 2011**              /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE