# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN POSADAS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AVENAL STATE PRISON, et al.,<br><br>　　　　　　Defendants. | CASE NO. 1:10-cv–01374-BAM PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 16)<br><br>THIRTY-DAY DEADLINE |

## I.  Screening Requirement

Plaintiff Erwin Posadas is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 28, 2011, an order issued dismissing Plaintiff's complaint, with leave to file an amended complaint. (ECF No. 15.) Plaintiff filed a first amended complaint on December 15, 2011. (ECF No. 16.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

## II.    Discussion

The first amended complaint is brought naming Defendants Avenal State Prison and Corcoran State Prison. Plaintiff states that he is being denied medical and psychiatric treatment, false paperwork has been used by the ICC in determining his placement, he has been refused access to the library, and his personal property has been lost.

"The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996). The Department of Prisons is a state agency entitled to Eleventh Amendment Immunity. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Avenal and Corcoran State Prisons are part of the California Department of Corrections and Rehabilitation and, as such, are entitled to Eleventh Amendment immunity from suit.

To the extent that Plaintiff attempts to bring suit against the prisons seeking injunctive relief, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights, to state a claim. This requires Plaintiff to identify an individual actor and state what that individual did or failed to do to cause a violation of Plaintiff's rights.

In his first amended complaint, Plaintiff requests that the documents attached to his complaint be reviewed. As Plaintiff was previously advised in the order dismissing the complaint with leave to amend filed November 28, 2011, exhibits attached to the complaint

must be incorporated by reference. Fed. R. Civ. Pro. 10(c). Any exhibits submitted with the complaint need to be attached at the end of the complaint. With regard to exhibits that are properly attached to the complaint, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated, nor will the Court sift through exhibits to find additional portions of the complaint.

If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

For the reasons set forth, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given one final opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff is directed to the order dismissing his complaint, issued November 28, 2011, for additional legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.    Legal Standards**

    **A.    Deprivation of Property**

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges that his property was lost. Whether the cause of the property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

    **B.    Deliberate Indifference**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

1 must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
2 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two
3 part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by
4 demonstrating that failure to treat a prisoner's condition could result in further significant injury or
5 the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
6 deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and
fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir.
2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v.
Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which
he could make an inference that "a substantial risk of serious harm exists" and he must make the
inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

### C.      Access to Law Library

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518
U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the
right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal
appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the
plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536
U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

### D.      False Reports

The Due Process Clause itself does not contain any language that grants a broad right to be
free from false accusations, but guarantees certain procedural protections to defend against false
accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary
proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in
such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

### E.      Rule 18

Plaintiff is again advised that he may not pursue multiple, unrelated claims in this action.
Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim,

crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

## IV.   Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 15, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 1, 2012**                    /s/ **Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE