**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN POSADAS, | CASE NO. 1:10-cv–01374-BAM PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| AVENAL STATE PRISON, et al., | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |
| Defendants. | |

**I.   Screening Requirement**

Plaintiff Erwin Posadas is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on August 2, 2010. On November 28, 2011, the complaint was dismissed, with leave to amend, for failure to state a claim. On January 3, 2012, the first amended complaint, filed December 15, 2011, was dismissed, with leave to amend, for failure to state a claim. Currently before the Court is the second amended complaint, filed February 1, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Corcoran. To the extent that the Court is able to comprehend Plaintiff's claims, on January 11, 2009, while housed at Avenal State Prison, Plaintiff was placed in administrative segregation because he was assaulting other inmates due to drug debts. On February 2, 2009, an investigation was conducted and in the same month an anonymous phone call was received falsely stating that Plaintiff's life was in danger. Counselors Hernandez and Lopez reviewed the investigation and found the anonymous report to be false. The findings were reviewed by Defendants Contreras and Goodman who found the report to be false. Plaintiff was released to his regular population assignment in August of 2010. Mr. Vowel placed an additional chrono in Plaintiff's file.

During a classification review of Plaintiff's file at Corcoran State Prison, time was not taken to review Plaintiff's file and he was placed back on the sensitive needs yard. Plaintiff claims that

he did not request to be placed on the sensitive needs yard, his life is not in danger, and he wants to be placed back into the general population. Plaintiff states that Defendant Pascillas at Corcoran State Prison has never addressed the situation and Defendant Fisher, property officer at Avenal State Prison has never received property that was lost and Plaintiff wants his property returned.

### III.   Discussion

It is unclear from Plaintiff's complaint what rights he alleges have been violated. Initially, the Court notes that although Plaintiff has been informed in two prior orders that he must show that the defendant personally participated in the deprivation of his rights, the second amended complaint fails to link any defendant to any act or failure to act that deprived Plaintiff of his federal rights. Jones v. Williams, 297 F.3d 930, 934.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement," Wilkinson, 545 U.S. at 221; 125 S. Ct. at 2393, including "a liberty interest in freedom from administrative segregation," Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Under state law the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement in issue. Wilkinson, 545 U.S. at 221; 125 S. Ct. at 2393. Plaintiff's complaint shows that he was placed in administrative segregation because he was a danger to other inmates and was placed on the sensitive needs yard to protect Plaintiff. Plaintiff fails to set forth factual allegations sufficient to state a claim that the conditions of his

1 placement in administrative segregation or on the sensitive needs yard implicated a liberty interest.

2 　　　　Finally, while an authorized, intentional deprivation of property is actionable under the Due
3 Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison
4 official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v.
5 Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff
6 alleges that his property was lost in the transfer between institutions. Whether the cause of the
7 property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a
8 meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has
9 an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d
10 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to
11 state a cognizable claim for the loss of his property..

12 **IV.    Conclusion and Order**

13 　　　　Plaintiff's complaint fails to state a claim upon which relief may be granted under section
14 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely
15 given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if
16 it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122,
17 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted
18 two opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed three
19 complaints without alleging facts against any of the defendants sufficient to state a claim under §
20 1983. The Court finds that the deficiencies outlined above are not capable of being cured by
21 amendment, and therefore further leave to amend should not be granted. 28 U.S.C. §
22 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

23 　　　　Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is
24 HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief
25 may be granted under section 1983 and the Clerk's Office shall enter judgment. This dismissal is
26 ///
27 ///
28 ///

subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

IT IS SO ORDERED.

Dated:   **February 7, 2012**                    **/s/ Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE